OPINION of the Court, by
Ch. J. Boyle
This suit was brought against the present plaintiffs, as executors of james F. Moore, deceased. The writ was served upon two of them and returned not found as to the other. In the declaration, the plaintiff in the action made nroferi of a copy of the writing upon which suit was brought, alleging that the original was filed in the clerk’s office of the Jefferson circuit court. The defendants failing to appear, judgment was taken against the whole of them for the debt in the writing mentioned, and costs ; to v/hich judgment this writ of error with supersedeas is prosecuted. _
_ JThe errors assigned which are deemed material to be 'i noticed, are, 1st, That there was no profert made of the writing upon which suit was brought; and 2d,That the judgment was erroneously taken against the defen- * dant upon whom the writ had not been executed. . Jf'
. Where an action is founded upon a specialty, it is:$ general rule that profert must be made of it ; but this rule is not without exceptions ; one of these exception* *331 is, where the specialty has been pleaded in another court — See Wymore’s case, 5 Coke 74, b. 75, a. The reason is, that in that case the orkuu! cannot be had, and a copy of necessity must be used. 11' ui such a case a profert is unnecessary, it is much more so in a case like the present, where the original is averred to be in the same court where the cause is depending. For what purpose shall the plaintiff be compelled to say he brings it into court, when it is already amongst the files of the court ? A profert of the copy was indeed unnecessary, since the averment that the original was with the files of the court, is' equivalent to a profert of the original. It is however but surplusage, and the ruléis, that surplusage does not vitiate.
With respect to the second error, it is a well settled doctrine, that where there are several executors defendants, and the writ is executed as to one, and returned not found'as to the others, the plaintiff may take judgment against the whole — Rause vs. Etherington, 1 Salk. 313, same case, 2 Ld. Raym, 870, The judgment for costs is a necessary incident of the principal judgment, and is in this case entered according to the English forms, and the universal practice of this country.
The judgment must therefore be affirmed, with* damages and costs.